UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

CASE NO.:

HOUSTON CASUALTY
COMPANY, a foreign
corporation,

       Plaintiff,

vs.

ENDURANCE ASSURANCE
CORPORATION, a foreign
corporation, and ARMANDO
MALDONADO, an individual,

       Defendants.
_____/

**COMPLAINT FOR DECLARATORY RELIEF**

The Plaintiff, HOUSTON CASUALTY COMPANY (sometimes referred to as "HCC"), a foreign corporation, sues ENDURANCE ASSURANCE CORPORATION (sometimes referred to as "Endurance"), a foreign corporation, and ARMANDO MALDONADO ("Maldonado"), and alleges:

**Nature of Action.**

1. This is an action for declaratory relief under 28 U.S.C. Section 2201 regarding a dispute concerning coverage obligations under commercial general liability insurance policies and the parties' respective rights, duties, and obligations flowing therefrom.

**Jurisdiction and Venue.**

2. Jurisdiction is proper because there is a complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. Section 1332.

3. Venue is proper because the events giving rise to this claim occurred in this district and the underlying lawsuit is venued here.

4. All conditions precedent have occurred, been performed, or have been waived.

**The Parties.**

5. Houston Casualty Company is a Texas corporation with its principal place of business in the State of Texas.

6. Endurance Assurance Corporation is a Delaware corporation with its principal place of business in the State of New York.

7. Armando Maldonado is an individual domiciled in and a citizen of Osceola County, Florida, and therefore a resident and citizen of the State of Florida.

**General Allegations.**

8. The instant lawsuit seeks a declaratory judgment to resolve issues of disputed insurance obligations between Endurance, which owes primary commercial general liability insurance coverage to BH Management Services, LLC ("BH Management") for a claim brought by Armando Maldonado ("Maldonado"), as more fully described below, and HCC, which also provides commercial general liability coverage to BH Management.

*a. The Property Management Agreement.*

9. On or about April 20, 2020, BH Management entered into contract with BCORE MF AS MAITLAND LLC ("BCORE"), the owner of certain real property in Orlando, Florida, for BH Management to provide real estate management services for BCORE. A true and correct copy of the Property Management Agreement is attached hereto as Exhibit A.

10. Under the Property Management Agreement, BH Management contracted to provide real estate management services at Brickstone Maitland Summit, 9000 Summit Centre Way, Orlando, Florida.

11. Pursuant to the terms and conditions of the Property Management Agreement, BCORE, the Endurance insured, was required to have in place commercial general liability insurance in favor of BH Management in an amount not

less than $5,000,000.00. BCORE contractually agreed to include BH Management as BCORE's real estate manager in its insurance and that BH Management would be an insured by definition.

12. The Property Management Agreement stated that BCORE's commercial liability insurance policy would provide BH Management primary and non-contributory coverage for claims arising at or on the property, and any other insurance policy of BH Management shall be excess and non-contributing in all respects.

13. Separate and apart from BCORE's contractual obligation to provide insurance in favor of BH Management, the Property Management Agreement also included a contractual indemnity provision.

14. BCORE is contractually required to defend, indemnify and hold BH Management harmless from and against all damages, claims, costs, losses, demands, or legal proceedings that are brought against BH Management arising out of the operation, management or condition of the property, except with respect to claims arising out of or resulting from the failure of BH Management to perform, adhere or comply with its duties or obligations under the Property Management Agreement or BH Management's gross negligence or willful misconduct.

*b. The Bodily Injury Claim.*

15. On or about December 10, 2020, Armando Maldonado visited

Brickstone Maitland Summit, 9000 Summit Centre Way, Orlando, Florida, to clean carpets at the property. While on the property, Maldonado was shot and suffered injuries as a result thereof.

16. On or about August 27, 2021, Maldonado filed a lawsuit against BH Management for negligence and sought damages for the alleged shooting which occurred at Brickstone Maitland Summit. The lawsuit is entitled *Armando Maldonado v. BCORE MF as Maitland LLC, et al.*, in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2021-CA-008589-O. A true and correct copy of the Maldonado complaint is attached hereto as Exhibit B.

17. A proposal for settlement has been made to BH Management in the Maldonado case in the amount of $6,000,000.00.

18. Defendant Maldonado is therefore joined in this matter as an interested party in order to bind him to the result of this action.

*c. The Insurance Coverages.*

*i. BH Management's Insurance Coverage Under BCORE's Endurance Policy.*

19. Endurance issued a commercial general liability insurance policy to BRE Launch Holdco, LLC, Policy No. GGR10011194103, for the policy period from July 1, 2020, to July 1, 2021. This policy provided $1,000,000.00 per occurrence/$2,000,000.00 general aggregate limits. A true and correct copy of the Endurance policy is attached hereto as Exhibit C.

20. BCORE, an Iowa limited liability company, is a named insured under the Endurance policy issued to BRE Launch Holdco, LLC, through that policy's Named Insured Broad Form provision.

21. The BCORE Endurance policy's Coverage A, Bodily Injury and Property Damage Liability, states in relevant part:

> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

22. The Endurance policy provides in pertinent part that real estate managers are insureds under the BCORE policy:

> **SECTION II - WHO IS AN INSURED**
>
> \* \* \*
>
> 2. Each of the following is also an insured:
>
> \* \* \*
>
> b. Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

23. The Endurance policy also provides its insurance coverage is primary and non contributing where BCORE is contractually required to provide such insurance to a party such as BH Management:

**Other Insurance**

\* \* \*

**Primary And Noncontributory Insurance**

This insurance is primary to and will not seek contribution from any other insurance available to an additional insured under your policy provided that:

(1) The additional insured is a Named Insured under such other policy; and

(2) You have agreed in writing in a contract or agreement that this insurance would be primary and would not seek contribution from any other insurance available to the additional insured.

24. HCC has reason to believe that there exists an excess or umbrella insurance policy provided by Endurance in favor of BCORE, but Endurance has ignored repeated requests that it produce the excess policy.

*ii. BH Management's Insurance  
Coverage Under its Own Policy with HCC*

25. HCC issued a commercial general liability insurance policy to BH Management, a Delaware Limited Liability Company, Policy No. H20PC31080-01, for the policy period from March 1, 2020, to March 1, 2021.

26. The HCC policy for BH Management provided $1,000,000.00 per occurrence/$2,000,000.00 general aggregate limits. A true and correct copy of the HCC policy is attached hereto as Exhibit D.

27. The HCC insurance policy provides in pertinent part that where other insurance is available to BH Management, the HCC insurance will be excess of that

other available insurance:

    4.    **Other Insurance**

        If other valid and collectible insurance is available to the insured for a loss we cover under Coverages A or B of this Coverage Part, our obligations are limited as follows:

        a.    **Primary Insurance**

            This insurance is primary except when Paragraph **b.** below applies.

            \*  \*  \*

        b.    **Excess Insurance**

            (1)    This insurance is excess over:

                \*  \*  \*

            B.    Any other insurance, whether primary, excess, contingent or on any other basis, that is available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you qualify as an additional insured or for which you qualify as an insured under a policy in the capacity of a Real Estate Manager.

    28.    As of December 10, 2020, then, per the terms and conditions of the Endurance policy and the Property Management Agreement, BH Management was insured under the BCORE policy as a real estate manager on a primary and non-contributory basis for claims arising at or on the property, and BH Management's HCC insurance policy is excess and non-contributing in all respects.

    29.    Additionally, BH Management is entitled to insurance coverage under

the BCORE Endurance policy for BH Management's claim of contractual indemnification against BCORE with regard to the Maldonado claim.

30. BH Management and HCC have made demand of Endurance for it to defend and indemnify BH Management as an insured under the Endurance policy on a primary and non-contributing basis for the Maldonado claim.

31. On or about April 29, 2022, Endurance responded by stating it would assume the defense of BH Management on the Maldonado claim, but has also stated that its coverage afforded to BH Management may be unavailable to the extent BH Management's liability constituted a failure to perform, adhere to, or comply with its duties or obligations under the Property Management Agreement, or arises out of its gross negligence or willful conduct.

32. The above referenced language – relating to failure to perform, adhere to, or comply with duties or obligations under the Property Management Agreement and/or arising out of gross negligence or willful misconduct – are conditions in the Property Management Agreement limiting BCORE's obligation to contractually indemnify BH Management, but are not conditions of coverage provided by Endurance to BH Management under its insurance policy.

33. The proper interpretation of the Endurance insurance coverage provided to BH Management impacts the scope and extent of the insurance coverage which may be provided by HCC for the Maldonado claim.

**COUNT I - Declaratory Judgment Action -**
**BH Management's Coverage as an Insured**
**Property Manager under Endurance's Policy.**

34. Plaintiff realleges and reasserts paragraphs 1-33 as if fully set forth herein, and further states:

35. Endurance and HCC have a substantial and justiciable controversy concerning the extent of insurance coverage provided by Endurance for the Maldonado claim, and the respective obligations of each insurer to BH Management.

36. HCC believes that Endurance's coverage owed to BH Management is not and cannot be limited by any language in the Property Management Agreement conditioning BCORE's contractual indemnity exposure.

37. Endurance and HCC have adverse legal interests concerning the extent of their respective insurance obligations under their policies of insurance.

38. There exists a bona fide actual, present and practical need for a declaration regarding coverage under Endurance's policy and the dispute between Endurance and HCC is of sufficient immediacy as to warrant the issuance of a declaratory judgment.

39. A declaratory judgment would serve the useful purpose of clarifying and settling the legal relations in issue, and afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding.

WHEREFORE HCC respectfully requests that this Court issue a declaratory judgment to resolve the disputed issues between the parties, including:

a. that Endurance owes the commercial general liability coverage described in its policy of insurance and any existing excess insurance in favor of BH Management on a primary, non-contributory basis;

b. that Endurance's commercial general liability coverage set forth in its policy of insurance is not limited, restricted, or decreased in any way by the Property Management Agreement's conditions under which BCORE owes BH Management contractual indemnity;

c. that any limitation found in the Property Management Agreement concerning BCORE's obligation to contractually indemnify does not affect and is otherwise irrelevant to the extent of insurance coverage Endurance owes and provides to BH Management;

d. that HCC's policy is excess of the above described Endurance policy and excess of any other Endurance policy in existence satisfying BCORE's obligation for insurance for BH Management in an amount not less than $5,000,000.00; and

e. taxable costs.

> THE BILLBROUGH FIRM, P.A.
> Attorneys for Plaintiff
> 7321 S.W. 146 Terrace
> Miami, Florida 33134
> E-mail:     bart@billbroughfirm.com
> Tele:  (305) 359-8085
> Direct:        (305) 359-8081
> Fax:   (305) 359-8087
>
> By:____/s/ G. Bart Billbrough_____
>         G. BART BILLBROUGH, ESQ.
>         Fla Bar No.:  334261