# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

HOUSTON CASUALTY
COMPANY,

    Plaintiff,

v.                                       Case No. 6:22-cv-1429-RBD-LHP

ENDURANCE ASSURANCE
CORPORATION; and ARMANDO
MALDANADO,

    Defendants.
_____

## <u>ORDER</u>

Before the Court are Defendant Endurance Assurance Corporation's Motion to Dismiss. (Doc. 5 ("Motion").) Defendant's Motion is due to be denied.

## BACKGROUND[1]

BCORE MF AS Maitland, LLC ("BCORE") is the owner of an apartment complex named Brickstone Maitland Summit ("Property"). (Doc. 1, ¶¶ 9–10.) BCORE entered into a Property Management Agreement ("Agreement") with BH Management Service, LLC ("BH") under which BH would provide real estate management services at the Property. (*Id.* ¶ 9.) The Agreement required BCORE

---

[1] The factual allegations are taken as true for the purposes of the Motion and presented in the light most favorable to Plaintiffs. *See Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

to have insurance for BH for at least five million dollars and to list BH on the insurance policy. (*Id.* ¶ 11.) The Agreement also stated that BCORE's insurance policy would provide primary and non-contributory coverage to BH for claims relating to the Property. (*Id.* ¶ 12.) The Agreement also required BCORE to defend, indemnify, and hold BH harmless for claims arising out the operation or management of the property unless those claims arise out of or result from BH's failure to perform under the Agreement, gross negligence, or willful misconduct. (*Id.* ¶ 14.)

Defendant Endurance Assurance Corporation ("Endurance") issued an insurance policy ("Policy") to BRE Launch Holdco, LLC. (*Id.* ¶ 19.) BCORE is a named insured on the Policy. (*Id.* ¶ 20.) BH, as a real estate manager for BCORE, is an additional insured under the Policy. (*Id.* ¶ 22; Doc. 1-3, p. 10.) The Policy provides that coverage for additional insureds is primary and non-contributing where: (1) the additional insured is named on another policy; and (2) where there is a written agreement between the named insured and additional insured stating that the Endurance coverage would be primary and non-contributory. (Doc. 1, ¶ 23.)

Aside from the Endurance Policy, Plaintiff Houston Casualty Company ("HCC"), also issued an insurance policy to BH. (*Id.* ¶ 25.) That policy states that coverage provided is in excess of any other insurance available to BH. (*Id.* ¶ 27.)

2

In December 2020, Armando Maldonado was on the Property to clean. (*Id.* ¶ 15.) While there, Maldonado was shot and injured. (*Id.*) So Maldonado sued BH and BCORE for negligence in state court. (*Id.* ¶ 16.) BH and HCC made a demand of Endurance to defend and indemnify BH for the Maldonado suit. (*Id.* ¶ 30.) Endurance assumed BH's defense but stated that its coverage of BH may be limited if BH's liability resulted from BH's failure to perform or comply with the Agreement, gross negligence, or willful conduct. (*Id.* ¶ 31.) These conditions arise from the Agreement between BCORE and BH and are not outlined in the Policy. (*Id.* ¶ 32.) So HCC sued for declaratory action seeking clarification of Endurance and HCC's insurance obligations to BH under their policies. (*See id.*) Endurance now moves to dismiss and HCC opposes. (Docs. 5, 11.) The matter is ripe.

## STANDARDS

A plaintiff must plead "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss under Rule 12(b)(6), the Court limits its consideration to "the well-pleaded factual allegations." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). The factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept the factual allegations as true and construe them "in the light most favorable" to the plaintiff. *See United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).

ANALYSIS

Endurance argues there is no ripe case or controversy because it is already defending BH in the underlying suit and determining the duty to indemnify under the Policy is premature.[2] (Doc. 5, pp. 3–6.) HCC counters that declaratory judgment would settle disagreement about Endurance's obligations under the Policy. (Doc. 11.) The Court agrees with HCC.

Courts have discretion in deciding whether to entertain a declaratory judgment action. *See Smith v. Casey*, 741 F.3d 1236, 1244 (11th Cir. 2014); *see also* 28 U.S.C. § 2201(a). But the suit must involve "a definite and concrete controversy." *Miccosukee Tribe of Indians of Fla. v. Kraus-Anderson Constr. Co.*, 607 F.3d 1268, 1275 n.14 (11th Cir. 2010) (cleaned up). An actual controversy exists where "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

First, Endurance argues there is no actual controversy because it is already defending BH in the underlying suit. (Doc. 5, p. 3.) But Endurance is doing so under a reservation of rights. (Doc. 1, ¶ 31.) And Endurance and HCC disagree as

---

[2] Endurance also asserts that a determination of the duty to indemnify between BCORE and BH arising under the Agreement is not ripe for the Court's review. (Doc. 5, pp. 5–6.) But HCC is not requesting a determination of the duty to indemnify between BCORE and BH found in the Agreement, but whether the Agreement affects Endurance's duty to indemnify under the Policy. (Doc. 1, ¶¶ 34–39.)

4

to the scope of Endurance's coverage of BH and the obligations of each insurer to BH. (*Id.* ¶ 35.) An actual controversy can exist where an insurer is defending an insured under a reservation of rights. *See Mt. Hawley Ins. Co. v. Tactic Sec. Enf't, Inc.*, 252 F. Supp. 3d 1307, 1310 (M.D. Fla. 2017) (finding an actual controversy where an insurer was defending the underlying suit but still disputing its duty to defend). So the parties have an actual controversy on the duty to defend.

Second, Endurance argues that it is premature for the Court to determine its duty to indemnify under the Policy. (Doc. 5, pp. 4–5.) While true that "the question of an insurer's duty to indemnify is not ripe until the underlying lawsuit is resolved," HCC does not request a determination on the duty to indemnify. *First Mercury Ins. Co. v. First Fla. Bldg. Corp.*, No. 8:20-cv-1929, 2022 WL 4017061, at *9 (M.D. Fla. Sep. 2, 2022). Rather, HCC seeks to clarify any impact the Agreement has on Endurance's scope of coverage and whether that coverage is primary to that provided by HCC. (Doc. 1, ¶¶ 34–39.) These coverage disputes are ripe, despite the ongoing nature of the underlying suit. *See Mid-Continent Cas. Co. v. Devonshire Properties, Inc.*, No. 8:15-cv-1049, 2015 WL 12831311, at *2 (M.D. Fla. Nov. 12, 2015) ("allowing [the declaratory judgment] action to proceed as scheduled will help to facilitate an early resolution of the parties' coverage issues"). As there is an actual controversy ripe for the Court's review, the Motion is due to be denied.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion (Doc. 5) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 14, 2022.

ROY B. DALTON JR.
United States District Judge