# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

HOUSTON CASUALTY COMPANY,

       Plaintiff,

v.                                      Case No:   6:22-cv-1429-RBD-LHP

ENDURANCE ASSURANCE
CORPORATION and ARMANDO
MALDONADO,

       Defendants

_____

## ORDER

This cause came on for consideration without oral argument on the following

motion filed herein:

> **MOTION:   PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
> **AS TO DEFENDANT ARMANDO MALDONADO**
> **(Doc. No. 34)**
>
> **FILED:       March 21, 2023**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without**
> **prejudice**.

## I.      BACKGROUND.

On August 11, 2022, Plaintiff Houston Casualty Company ("HCC") filed a complaint for declaratory relief against Defendants Endurance Assurance Corporation ("Endurance") and Armando Maldonado ("Maldonado"). Doc. No. 1. The case stems from an underlying lawsuit in state court where Maldonado has filed claims of negligence against BH Management Services, LLC ("BH Management"), BCORE MF AS Maitland LLC ("BCORE"), and an individual Defendant. *Id.* ¶ 16. *See also* Doc. No. 1-2. Endurance issued a commercial general liability insurance policy covering BCORE, and it appears that BH Management is an additional insured under that policy. Doc. No 1 ¶ 11, 19–23. HCC also issued a commercial general liability insurance policy to BH Management. *Id.* ¶ 25. In the state court case, BH Management and HCC made a demand for Endurance to defend and indemnity BH Management in the lawsuit. *Id.* ¶ 30. Endurance assumed BH Management's defense but stated that its coverage of BH Management may be limited. *Id.* ¶ 31. In this Court, HCC seeks a declaratory judgment regarding Endurance and HCC's insurance obligations to BH Management under their policies. *Id.* ¶¶ 34–39. HCC has joined Maldonado in this lawsuit as an interested party and in order to bind him to the result of the action. *Id.* ¶ 18.

Endurance has appeared in this case and is defending against Plaintiff's claim. *E.g.*, Doc. Nos. 5, 26. Maldonado has not. On Plaintiff's motion, Clerk's default was entered against Maldonado on January 3, 2023. Doc. Nos. 23, 30. On March 10, 2023, the Court issued an Order to Show Cause to Plaintiff for Plaintiff's failure to timely seek default judgment against Maldonado. Doc. No. 31. In response, Plaintiff filed the above-styled motion for default judgment. Doc. No. 34. *See also* Doc. Nos. 32–33. The motion for default judgment has been referred to the undersigned.

Upon review, and for the reasons set forth below, the undersigned finds that resolution of the motion for default judgment against Maldonado should await resolution of this matter against Endurance.

## II.   ANALYSIS.

In general, a court may enter a default judgment when the factual allegations of the operative complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

This general rule, however, has exceptions.   "[I]n cases involving more than one defendant, a judgment . . . should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants."   *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp.*, Case No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).   The purpose behind this result is the prohibition against logically inconsistent judgments.   *See Frow*, 82 U.S. at 554.   The United States Court of Appeals for the Eleventh Circuit has also extended this prohibition against logically inconsistent judgments to other cases beyond those where liability is deemed to be joint.   In this Circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits."   *Gulf Coast Fans v. Midwest Elecs. Imp.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (citation omitted).

The rationale of *Frow* and *Gulf Coast Fans* applies here, and courts under similar circumstances have withheld addressing the merits of a motion for default judgment in a multi-defendant insurance declaratory judgment action when at least one defendant is defending against the claim.   *See, e.g.*, *Progressive Express Ins. Co. v. C&F Transp., LLC.*, No. 1:22-CV-20775, 2022 WL 17583749, at *4–5 (S.D. Fla. Oct. 13, 2022) (denying without prejudice motion for default judgment in insurance declaratory judgment action due to the risk of inconsistent judgments); *Nat'l Indem.*

*Co. of the S. v. H&C Fla. Trucking, Inc.*, No. 6:22-cv-74-PGB-LHP, 2022 WL 18636696, at *1 (M.D. Fla. Mar. 14, 2022) (same); *Country Mut. Ins. Co. v. Goldman*, No. 2:19-CV-881-WKW, 2020 WL 1644289, at *1 (M.D. Ala. Apr. 2, 2020) (same); *Westchester Surplus Lines Ins. Co. v. Paramount Disaster Recovery, LLC*, No. 6:18-cv-1738-Orl-37DCI, 2019 WL 5294770, at *2 (M.D. Fla. Apr. 5, 2019) (same); *Nationwide Ins. Co. of Am. v. Jones*, No. 6:18-cv-1423-Orl-40DCI, 2018 WL 8582452, at *1 (M.D. Fla. Nov. 27, 2018) (same).   *See also Nautilus Ins. Co. v. A.J. Cardinal Grp. LLC*, No. 8:18-cv-2778-T-60CPT, 2019 WL 5072094, at *1 (M.D. Fla. Aug. 1, 2019), *report and recommendation adopted*, 2019 WL 5068636 (M.D. Fla. Oct. 9, 2019) ("[S]ome courts have found [the practice of withholding the entry of default judgment in multi-defendant actions] particularly prudent where the case involves the declaration of obligations and coverage under an insurance agreement that is the subject of an underlying dispute." (citation and quotation marks omitted)); *Glob. Aerospace, Inc. v. Platinum Jet Mgmt., LLC*, No. 09-60756-CIV, 2009 WL 3400519, at *5 (S.D. Fla. Oct. 20, 2009) ("[C]ourts routinely withhold default judgments declaring that an insurance policy is inapplicable until the claims against the defendants who appear in the action are adjudicated.").

HCC will be permitted to renew the motion for default judgment against Maldonado, as appropriate, after resolution of this matter against Endurance.

**III.    CONCLUSION.**

For the reasons stated herein, HCC's Motion for Default Judgment as to Defendant Armando Maldonado (Doc. No. 34) is **DENIED without prejudice.** HCC may renew the motion, as appropriate, within **twenty-one (21) days** of resolution of this matter against Defendant Endurance Assurance Corporation.

**DONE** and **ORDERED** in Orlando, Florida on March 24, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties