# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

HOUSTON CASUALTY COMPANY,

        Plaintiff,

v.                                                        Case No:   6:22-cv-1429-RBD-LHP

ENDURANCE ASSURANCE
CORPORATION and ARMANDO
MALDONADO,

        Defendants

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following

motion filed herein:

| |
|---|
| **MOTION:**  **PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT ARMANDO MALDONADO (Doc. No. 58)** |
| **FILED:**  **February 21, 2024** |
| |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

## I.     BACKGROUND.

Plaintiff Houston Casualty Company ("Houston Casualty") instituted this action against Defendants Endurance Assurance Corporation ("Endurance") and Armando Maldonado ("Maldonado") on August 11, 2022.   Doc. No. 1.   The case stems from an underlying lawsuit in state court where Maldonado has filed claims of negligence against BH Management Services, LLC ("BH Management"), BCORE MF AS Maitland LLC ("BCORE"), and an individual Defendant.   *Id.* ¶ 16; *see also* Doc. No. 1-2; *Maldonado v. BCORE MF, et al.*, Case No. 2021-CA-008589-0.

According to the complaint, on April 20, 2020, BH Management entered into a contract with BCORE, with BH Management to provide real estate management services.   Doc. No. 1 ¶¶ 9–10; Doc. No. 1-1.   Pursuant to the terms of the agreement, BCORE was required to have a commercial general liability insurance policy in favor of BH Management in an amount not less than $5,000,000.00, which insurance would provide BH Management primary and non-contributory coverage for claims arising at or on the managed property, and that any other insurance policy of BH Management would be in excess and non-contributing in all respects. Doc. No. 1 ¶¶ 11–12.[1]   BCORE is also contractually required to defend, indemnify,

---

[1] "Insurance is 'primary and noncontributory' when the insurance pays for covered claims up to the limits of coverage, and does not expect any contribution from other insurance that might exist to cover the same claims."   *Clear Blue Insurance Co. v. Gemini*

and hold harmless BH Management from and against damages, claims, costs, losses, demands, or legal proceedings brought against BH Management arising out of the operation, management, or condition of the property, with certain exceptions. *Id.* ¶ 14.

Endurance issued a commercial general liability insurance policy ("Endurance Policy") to BRE Launch Holdco, LLC, which listed BCORE as a named insured; the policy provides that it is primary and non-contributing where BCORE is contractually required to provide such insurance to a party such as BH Management.   Doc. No. 1 ¶ 11, 19–23; Doc. No. 1-3.[2]   BH Management was insured under the BCORE Endurance Policy as a real estate manager on a primary and noncontributory basis for claims arising at or on the property.   Doc. No. 1 ¶ 28.   Houston Casualty also issued a commercial general liability insurance policy to BH Management.   *Id.* ¶¶ 25–26; Doc. No. 1-4.[3]   But the Houston Casualty policy provides that where other insurance is available to BH Management, the Houston Casualty Policy will be excess of that other available insurance.   Doc. No. 1 ¶ 27.

-------

*Insurance Co.*, No. 8:22-cv-1711-TPB-AEP, 2024 WL 1346941, at *1 n.2 (M.D. Fla. Mar. 29, 2024).

[2] Policy No. GGR10011194103, for the policy period from July 1, 2020, to July 1, 2021.   Doc. No. 1 ¶ 19; Doc. No. 1-3.

[3] Policy No. H20PC31080-01, for the policy period from March 1, 2020, to March 1, 2021.   Doc. No. 1 ¶ 25; Doc. No. 1-4.

On December 10, 2020, Maldonado visited the property for the purpose of cleaning carpets, but during the visit Maldonado was shot and suffered injuries as a result. *Id.* ¶ 15. Maldonado sued BH Management in state court for negligence stemming from the alleged shooting. *Id.* ¶ 16; Doc. No. 1-2.

In the underlying state court case, BH Management and Houston Casualty made a demand for Endurance to defend and indemnity BH Management in the lawsuit. Doc. No. 1 ¶ 30. Endurance assumed BH Management's defense but stated that its coverage of BH Management may be limited. *Id.* ¶ 31. In this Court, Houston Casualty seeks a declaratory judgment regarding Endurance and Houston Casualty's insurance obligations to BH Management under the respective policies, specifically that Endurance owes coverage in favor of BH Management on a primary, non-contributory basis in an amount not less than $5,000,000.00. *Id.* ¶¶ 34–39 & at 11. Houston Casualty has also joined Maldonado in this lawsuit as an interested party (*i.e.*, the person claiming damages against BH Management), in order to bind him to the result of the action. *Id.* ¶ 18.

Endurance appeared in this case and defended against Plaintiff's claim. *E.g.*, Doc. Nos. 5, 26, 37, 47. Maldonado did not, and Clerk's default was entered against him on January 3, 2023. Doc. No. 30; *see also* Doc. No. 23. Houston Casualty's request for default judgment against Maldonado was denied without prejudice to renewal after resolution of the case against Endurance. Doc. Nos. 34, 36.

- 4 -

Ultimately, Houston Casualty and Endurance filed cross-motions for summary judgment.  Doc. Nos. 37, 46.  On February 5, 2024, the Court denied Endurance's motion for the most part, dismissed without prejudice Endurance's motion to the extent that it was seeking a declaration regarding the duty to indemnify BH Management in the state court lawsuit, and granted Houston Casualty Company's motion for summary judgment.  Doc. No. 56.  The Court declared that BH Management is covered under the Endurance Policy, and that Endurance has a duty to defend BH Management in the state court lawsuit.  *Id.* at 36.  Judgment was entered accordingly the same day.  Doc. No. 57.  But the Court held the file open pending resolution of Houston Casualty's claims against Maldonado.  Doc. No. 56, at 36.

Now before the Court is Houston Casualty's motion for default judgment against Maldonado.  Doc. No. 58. [4]  The motion has been referred to the undersigned.  According to the motion, Endurance does not oppose.  *Id.* at 6–7.  Nor have any other timely responses to the motion been filed.  *See* Local Rule 3.01(c).  Accordingly, the unopposed matter is ripe for review.  *See id.*  For the

---

[4] Approximately one month after filing the motion, Houston Casualty also filed a "Motion to Treat as Unopposed Its Renewed Motion for Default Judgment as to Defendant Armando Maldonado."  Doc. No. 59.  Given the recommendations made herein, the undersigned considers that motion moot, and the filing will be addressed by separate order.

reasons discussed herein, the undersigned will respectfully recommend that the Court grant the motion.

## II.    STANDARD OF REVIEW.

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment.   First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default.   Fed. R. Civ. P. 55(a).   Second, after obtaining clerk's default, the plaintiff must move for default judgment.   Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well pleaded factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted.   *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[5]   Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's

---

[5] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.   *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

allegations to determine whether plaintiff is entitled to" a default judgment.   *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

A complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.   A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   This analysis applies equally to motions for default judgment.   *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

**III.   ANALYSIS.**

A.   <u>Jurisdiction</u>.

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) based on the diversity of citizenship between the parties.   *See* Doc. No. 1 ¶¶ 2, 5–7.[6]   The Court also has personal jurisdiction over Maldonado, a

---

[6] Although the complaint was brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, "the Declaratory Judgment Act . . . does not, of itself, confer jurisdiction upon the federal courts; a suit brought under the Act must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question." *Borden v. Katzman*, 881 F.2d 1035, 1037 (11th Cir. 1989) (citing *Skelly Oil Co. v. Phillips Co.*, 339 U.S. 667 (1950)).

Here, diversity jurisdiction exists because Plaintiff alleges that it is a citizen of Texas,

citizen of Florida, who was personally served with a copy of the summons and complaint. *See id.* ¶ 7; Doc. Nos. 18, 23, 30.

     B.   <u>Clerk's Default</u>.

Maldonado was personally served on October 12, 2022. Doc. No. 18; Fed. R. Civ. P. 4(e)(2)(A). Maldonado had twenty-one days from the date of service to respond to the complaint, but did not. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Accordingly, the Clerk properly entered default against him. Doc. No. 30. *See* Fed. R. Civ. P. 55(a).

     C.   <u>Declaratory Relief</u>.

In an action based in diversity, the substantive law of the forum state applies. *Southern-Owners Ins. Co. v. Easdon Rhodes & Assocs. LLC*, 872 F.3d 1161, 1164 (11th Cir. 2017). Accordingly, the undersigned looks to Florida law. *See also* Doc. No. 56, at 11 (applying Florida law to cross-motions for summary judgment).

Pursuant to Florida law, "a court may issue a declaratory judgment as to an insurer's duty to defend and duty to indemnify." *Am. Home Assur. Co. v. Vreeland*, No. 8:05-cv-2250-T-30MSS, 2006 WL 1037111, at *1 (M.D. Fla. Apr. 19, 2006) (citing

---

Endurance is a citizen of Delaware and New York, and Maldonado is domiciled in and a citizen of Florida. Doc. No. 1 ¶¶ 5–7.

*Higgins v. State Farm Fire & Cas. Co.*, 894 So. 2d 5 (Fla. 2005)); *see also AIX Specialty Ins. Co. v. Ashland 2 Partners, LLC*, 383 F. Supp. 3d 1334, 1337 (M.D. Fla. 2019) ("A declaratory judgment is an appropriate method for the court to determine coverage issues, including the duty to defend and indemnify." (citing *Higgins*, 894 So. 2d at 9)). "An insurer's duty to defend arises from the insurance contract and policy." *Zurich Am. Ins. Co. v. Nat'l Specialty Ins. Co.*, 246 F. Supp. 3d 1347, 1355 (S.D. Fla. 2017) (citing *Allstate Ins. Co. v. RJT Enters., Inc.*, 692 So. 2d 142, 144 (Fla. 1997)). "The insurer must defend when the complaint alleges facts which fairly and potentially bring the suit within policy coverage." *Lime Tree Vill. Cmty. Club Ass'n, Inc. v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir. 1993) (citations omitted)).

"In Florida, an insurance policy is treated like a contract, and thus ordinary contract principles govern the interpretation and construction of such policy." *United Specialty Ins. Co. v. Ken Creel Stucco & Stone, Inc.*, No. 8:22-cv-02635-KKM-AEP, 2023 WL 4931171, at *4 (M.D. Fla. June 28, 2023), *report and recommendation adopted*, 2023 WL 5544656 (M.D. Fla. Aug. 29, 2023) (citing *Zurich Am. Ins. Co.*, 246 F. Supp. 3d at 1356). "The resolution of a dispute regarding insurance coverage begins with a review of the plain language of the insurance policy as bargained for by the parties." *Koikos v. Travelers Ins. Co.,* 849 So. 2d 263, 266 (Fla. 2003) (citation omitted). "Generally, Florida courts interpret provisions providing coverage as broadly as possible to ensure the greatest amount of coverage. However,

provisions excluding or limiting the liability of an insurer are construed more strictly than provisions providing coverage." *Ken Creel Stucco & Stone, Inc.*, 2023 WL 4931171, at *4, *report and recommendation adopted*, 2023 WL 5544656 (M.D. Fla. Aug. 29, 2023) (citations omitted).

Here, as discussed above, Houston Casualty seeks a declaratory judgment that Endurance owes commercial general liability coverage under its policy of insurance in favor of BH Management on a primary, non-contributory basis, and that Houston Casualty's liability insurance policy is excess over the Endurance Policy's coverage.   Doc. No. 1; *see also* Doc. No. 58, at 2.   As alleged in the complaint, BCORE is contractually required to defend, indemnify, and hold BH Management harmless from and against all damages, claims, costs, losses, demands, or legal proceedings that are brought against BH Management arising out of the operation, management, or condition of the property at issue, subject to certain exceptions that Maldonado has not alleged in this case.   Doc. No. 1 ¶ 14. Endurance issued a commercial general liability insurance policy to BRE Launch Holdco, LLC, and BCORE is a named insured under that policy.   *Id.* ¶¶ 19–20. The Endurance Policy coverage is primary and non-contributing where BCORE is contractually required to provide such insurance to a party such as BH Management.   *Id.* ¶ 23.   By his failure to respond to the complaint, Maldonado admits that BH Management is entitled to insurance coverage under the BCORE

Endurance Policy for BH Management's claim of contractual indemnification against BCORE with regard to the claim alleged in the state court lawsuit.   *Id.* ¶ 29; *see Nishimatsu Constr. Co.*, 515 F.2d at 1206.   The Court determined same when it entered summary judgment in favor of Houston Casualty and against Endurance, finding that BH Management is covered under the Endurance Policy as BCORE's "real estate manager," the agreement between BH Management and BCORE does not limit that coverage, and the Endurance Policy provides primary coverage for the claims against BH Management in the state court lawsuit.   Doc. No. 56.

Accordingly, in line with the order on summary judgment, and based upon the allegations of the complaint, here too it is proper for the Court to enter a declaration that BH Management is covered under the Endurance Policy and that Endurance has a duty to defend BH Management in the state court lawsuit, Case No. 2021-CA-008589-O.   *See* Doc. No. 56, at 36; *see also James River Ins. Co. v. O'Gallagher LLC*, No. 21-80865-CV, 2022 WL 18779442, at *1 (S.D. Fla. July 19, 2022) ("The plaintiff in the underlying action to which the coverage dispute relates is typically a necessary party to the coverage dispute because the underlying plaintiff's interests could be prejudiced by the resolution of the coverage dispute. By virtue of his default, [the plaintiff in the underlying action] concede[d] that he has no interests that would be prejudiced by the resolution of the coverage dispute without his presence.").

## IV.    RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court:

1.    **GRANT** Plaintiff's Renewed Motion for Default Judgment as to Defendant Armando Maldonado (Doc. No. 58);

2.    **ENTER** default declaratory judgment in favor of Plaintiff Houston Casualty Company and against Defendant Armando Maldonado finding that BH Management is covered under the Endurance Policy, and Endurance has a duty to defend BH Management in the state court lawsuit, Case No. 2021-CA-008589-0, *see* Doc. Nos. 56–57; and thereafter

3.    **DIRECT** the Clerk of Court to close the file.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 23, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties